## In re L. M. ALLEMAN HARDWARE CO.

(District Court, M. D. Pennsylvania. December 26, 1907.)

### No. 920, in Bankruptcy.

BANKRUPTCY—CORPORATIONS — CORPORATE ASSETS — PRECEDENT INDIVIDUAL OWNERSHIP—FRAUDULENT TRNSFER — LACHES — RIGHTS OF RESPECTIVE CREDITORS.

A bankrupt in July, 1900, made a fraudulent transfer of his stock in trade: and in March, 1903, a corporation was formed to continue the business, the bankrupt having one share of the stock, the majority of which was distributed among others. The corporation contracted new debts and acquired new creditors, when it became a bankrupt in December, 1906, with assets insufficient to pay its creditors. *Held*, that the corporation's assets, notwithstanding the original fraud, were subject to the claims of its creditors, and hence the trustee of the individual bankrupt was not entitled to have the corporation's assets transferred to him for distribution among the creditors of the individual bankrupt's estate; nor were such creditors entitled to file their claims against the bankrupt corporation.

In Bankruptcy. On exceptions to report of J. E. Vandersloot, referee, sur petition of P. A. Miller, trustee of L. M. Alleman, to turn over funds.

William Hersh and E. A. Weaver, for exceptions.
W. C. Sheely, John D. Keith, and C. J. Delone, opposed.

ARCHBALD, District Judge. The petitioner, who is the trustee in bankruptcy of L. M. Alleman, asks that the funds realized from the sale of the assets of the L. M. Alleman Hardware Co., which is also bankrupt, be taken out of the hands of its trustees, and turned over to the petitioner to be administered and distributed as the estate of L. M. Alleman individually, whom he represents. This is based on the alleged identity of L. M. Alleman with the hardware company bearing his name, which concern, as it is charged, is nothing more than L. M. Alleman himself in corporate guise. If this were true, the transfer which is asked for might be a proper one to make, although it would still be a question whether the same result could not be reached by allowing the creditors of L. M. Alleman individually to make

proof of their claims against the company and so avoid circuity. But the difficulty is that the facts are not as thus assumed. There is evidence, no doubt, from which it could be found that the arrangement by which in July, 1900, S. L. Johns and H. N. Gitt took a bill of sale from Alleman for his store stock was collusive and fraudulent as to existing creditors, on the strength of which an execution or attachment, levied on the goods, would probably have held. No move of that kind, however, was made, and the situation at this time is not the same, so as to give a right now to what might have been done then. Over seven years have elapsed, and other rights have come in, which are entitled to consideration here. After an intermediate partnership, bearing the same name, the L. M. Alleman Hardware Company was incorporated in March, 1903, with a capital of $50,000, Johns subscribing for 49 shares, Gitt for 48 shares, and Alleman, C. J. Spaulding, and George D. Gitt for 1 share each, and to it the business and stock in trade were duly transferred. In the transaction of its business, following upon that, up to the time it became bankrupt in December, 1906, new goods were purchased by the company and new and independent indebtedness incurred therefor, a large part of which remains unpaid. The parties to whom it is due, having given credit solely to the company, can look to no one else, and must be paid, so far as they are paid at all, out of its property, which the transfer to the trustee of L. M. Alleman, which is sought, would entirely cut off. It may be that a considerable portion of the goods, which belonged to Mr. Alleman individually, at the time of the bill of sale to Johns and Gitt, was still in stock and has helped to produce the money which the trustees of the company have in hand. But whatever right of seizure or reclamation the creditors of L. M. Alleman might have had, if asserted at the time, they, of course, had no lien upon the goods, and after the organization of the company, and the intervention of others, the goods became the property of the company and liable for its debts, whatever might be said of them before, and that is necessarily the controlling consideration here. Nor is this affected by the fact that the capital stock of the company is still practically in the hands of the parties to the original fraud. If they alone were concerned, it may be that the creditors of L. M. Alleman, who suffered by the covinous arrangement, would still have the right to have the property treated as his. But that is not the case. The rights of the creditors of the company are to be kept constantly in mind, having regard to which the identity of L. M. Alleman with the L. M. Alleman Company, by reason of the continuing fraud, cannot be maintained.

It is said, however, that laches are not to be imputed to the creditors of L. M. Alleman in this matter, as it is only since the examination of the parties in the bankruptcy proceedings that the fraudulent character of the transaction has been disclosed. But while the evidence to establish the fraud, which is charged, may not have been within reach in the same fullness as now, the outward indications of it were certainly there, and were as well known at the time of the occurence as at any time since; and even if the details could not have been compelled from the immediate parties, as they have been here, there is

no reason why they could not have been effectively obtained from the other witnesses called, who seem to have had knowledge at least of the essential facts. It is to be noted, moreover, that the present petition is refused, not so much upon the ground of laches as out of regard for the rights of creditors of the hardware company who are clearly entitled to the first concern.

But it is further said that the creditors of L. M. Alleman should at least be permitted to prove their claims as debts against the hardware company, with which relief it is asserted that they will be content. This was the alternative prayer of the petition, but was abandoned before the referee, as inconsistent with the prayer to have the funds transferred from the one estate to the other. The trouble with that is that in no real sense are these claims debts of the company. The purpose of the proceedings in hand is to avoid the disposition made of his property by L. M. Alleman on account of the fraud involved, and, if sustained, it would only be as to the specific property with regard to which this could be shown. It fails, if for no other reason, because the right to set up the fraud cannot be successfully asserted so long as creditors of the hardware company remain unpaid. If there were an overplus above what was so required, it might be different. But of that there is no hope, even if what is due to Mr. Gitt, as one of the participants in the fraud, were thrown out. The indebtedness of the hardware company is $100,000, of which $38,000 is due for merchandise and $40,000 upon notes in bank, to pay off which the trustees have not half the necessary amount; and from these claims it cannot be diverted in favor of the creditors of L. M. Alleman individually, who have suffered by the fraud.

It will be seen, from what I have thus said, that I do not agree in all particulars with the findings of the referee; but I do with the general result, in accordance with which the petition must be dismissed.